**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| C.K.-W., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:22-cv-00191-MTS |
| v. | ) | |
| | ) | |
| WENTZVILLE R-IV SCHOOL | ) | |
| DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO AMENDED COMPLAINT

COMES NOW, Defendant Wentzville R-IV School District ("Defendant" or the "District"), by and through its counsel of record, and states the following for its Answer to Plaintiffs' Amended Complaint (Document 6):

1.     Defendant admits so much of paragraph 1 as alleges that the District temporarily removed *The Bluest Eye*, by Toni Morrison; *Fun Home: A Family Tragicomic,* by Alison Bechdel; *All Boys Aren't Blue,* by George M. Johnson; *Heavy: An American Memoir,* by Kiese Laymon; *Lawn Boy,* by Jonathan Evison; *Gabi, A Girl in Pieces*, by Isabel Quintero; *Modern Romance: An Investigation*, by Aziz Ansari; and *Invisible Girl: A Novel* by Lisa Jewell (collectively, the "Subject Books") from circulation in District libraries pursuant to established District Board policies and regulations.  Defendant denies the remaining allegations in paragraph 1.

2.     Defendant denies the allegation that there was any District conduct intended to suppress the ideas and viewpoints expressed in the Subject Books.  The allegations in paragraph 2 asserting the existence of First Amendment rights seek legal conclusions to which no response is required.  To the extent a response may be deemed required, Defendant denies these allegations in

paragraph 2.  Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 2 and therefore denies the same.

3.     Defendant denies that the District has "banned" *Fun Home*, *All Boys*, *Heavy*, *Lawn Boy*, *Gabi*, *Modern Romance* or *Invisible Girl*, and denies that it temporarily banned *The Bluest Eye* from its school libraries because of any supposed "ideological disagreement" its Board members or community members had with the ideas and viewpoints expressed in the book. Defendant also denies that it maintains any policy that causes any violation of rights.  Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 3 and therefore denies the same.

4.     Defendant denies each and every allegation set forth in paragraph 4.

5.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 5 and therefore denies the same.

6.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 6 and therefore denies the same.

7.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 7 and therefore denies the same.

8.     Defendant admits so much of paragraph 8 as alleges that the District is a public school district organized and maintained under the laws of the State of Missouri that provides public education to over 17,000 students in St. Charles County, Missouri.  The remaining allegations in paragraph 8 seek legal conclusions to which no response is required.  To the extent that a response may be deemed required, Defendant denies the remaining allegations in paragraph 8.

9.      Defendant admits that the Complaint purports to state a cause of action under the U.S. Constitution and 42 U.S.C. § 1983, but denies the truth of such allegations.

10.     Defendant admits the allegations set forth in paragraph 10.

11.     Defendant admits so much of paragraph 11 as alleges that venue is proper pursuant to the referenced statute in that substantially all of the alleged events or alleged omissions giving rise to Plaintiffs' purported claims occurred in this judicial district, and the District is located in this judicial district.  Defendant denies the remaining allegations in paragraph 11, if any.

12.     Defendant admits so much of paragraph 12 as alleges that venue is proper pursuant to the referenced local rule in that substantially all of the alleged events or alleged omissions giving rise to Plaintiffs' purported claims occurred in St. Charles County, Missouri, and the District is located in St. Charles County, Missouri.  Defendant denies the remaining allegations in paragraph 12, if any.

13.     Defendant admits so much of paragraph 13 as alleges that there are approximately 2,400 public schools in Missouri organized into approximately 567 public school districts. Defendant denies the remaining allegations in paragraph 13, if any.

14.     Defendant admits that it is a Missouri public school district and that paragraph 14 states an accurate general description of the District's boundaries.  Defendant denies the remaining allegations in paragraph 14, if any.

15.     Defendant admits the allegations set forth in paragraph 15.

16.     The allegations set forth in paragraph 16 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in paragraph 16.

17.     Defendant admits so much of paragraph 17 as alleges that at least ten percent of the District's student population is non-white and the District Board members are all white.  Defendant denies the remaining allegations in paragraph 17, if any.

18.     Defendant admits the allegations set forth in paragraph 18.

19.     Board Policy 6310 is a written document that speaks for itself, and Defendant denies any allegations contained in paragraph 19 that are inconsistent therewith.  Defendant denies the remaining allegations in paragraph 19, if any.

20.     Board Regulation 6310 is a written document that speaks for itself, and Defendant denies any allegations contained in paragraph 20 that are inconsistent therewith.  Defendant denies the remaining allegations in paragraph 20, if any.

21.     Board Regulation 6310 is a written document that speaks for itself, and Defendant denies any allegations contained in paragraph 21 that are inconsistent therewith.  Defendant denies the remaining allegations in paragraph 21, if any.

22.     Board Regulation 6310 is a written document that speaks for itself, and Defendant denies any allegations contained in paragraph 22 that are inconsistent therewith.  Defendant denies the remaining allegations in paragraph 22, if any.

23.     Board Regulation 6310 is a written document that speaks for itself, and Defendant denies any allegations contained in paragraph 23 that are inconsistent therewith.  Defendant denies the remaining allegations in paragraph 23, if any.

24.     Board Regulation 6310 is a written document that speaks for itself, and Defendant denies any allegations contained in paragraph 24 that are inconsistent therewith.  Defendant denies the remaining allegations in paragraph 24, including subparts (a) through (d), if any.

4

25.     Board Policy and Form 6241 are written documents that speak for themselves, and Defendant denies any allegations contained in paragraph 25 that are inconsistent therewith. Defendant denies the remaining allegations in paragraph 25, including subparts (a) through (e), if any.

26.     Board Regulation 6241 and Form 6241 are written documents that speak for themselves, and Defendant denies any allegations contained in paragraph 26 that are inconsistent therewith.  Defendant denies the remaining allegations in paragraph 26, including subparts (a) through (h), if any.

27.      Board Regulation 6241 is a written document that speaks for itself, and Defendant denies any allegations contained in paragraph 27 that are inconsistent therewith.  Defendant denies the remaining allegations in paragraph 27, if any.

28.     Board Regulation 6241 is a written document that speaks for itself, and Defendant denies any allegations contained in paragraph 28 that are inconsistent therewith.  Defendant denies the remaining allegations in paragraph 28, if any.

29.     The allegations in paragraph 29 seek legal conclusions to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations in paragraph 29.

30.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 30 and therefore denies the same.

31.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 31 and therefore denies the same.

32.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 32 and therefore denies the same.

33.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 33 and therefore denies the same.

34.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 34 and therefore denies the same.

35.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 35 and therefore denies the same.

36.     Defendant admits the allegations set forth in paragraph 36.

37.     Defendant admits the allegations set forth in paragraph 37.  Defendant further states that *The Bluest Eye* is currently available to District students without restriction.

38.     Defendant admits so much of paragraph 38 as alleges that *The Bluest Eye* was not required reading for any District curriculum in that it could be opted-out of if assigned by a teacher, and was listed as an option among eighteen "independent novels" for reading in an AP Literature and Composition course.  Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of any remaining allegations in paragraph 38 and therefore denies the same.

39.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 39 and therefore denies the same.

40.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 40 and therefore denies the same.

41.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 41 and therefore denies the same.

42.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 42 and therefore denies the same.

43.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 43 and therefore denies the same.

44.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 44 and therefore denies the same.

45.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 45 and therefore denies the same.

46.     Defendant admits the allegations set forth in paragraph 46.

47.     Defendant admits so much of paragraph 47 as alleges that, prior to their removal pending committee review and Board vote, *Fun Home, All Boys, Heavy, Lawn Boy, Gabi, Modern Romance, and Invisible Girl* were in circulation within the District without restriction.  Indeed, *Gabi*, *Modern Romance*, and *Invisible Girl* are currently available to District students without restriction.  Defendant denies the remaining allegations in paragraph 47.

48.     Defendant admits so much of paragraph 48 as alleges that, prior to their removal pending committee review and Board vote,  *Fun Home, All Boys, Heavy, Lawn Boy, Gabi, Modern Romance, and Invisible Girl* were not required reading for any District curriculum in that they could be opted-out of if assigned by a teacher.  Defendant denies the remaining allegations in paragraph 48.

49.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 49 and therefore denies the same.

50.     Defendant admits so much of paragraph 50 as alleges that particular book titles can be assigned by District teachers but opted-out of by District students, and that this was true for each of the Subject Books.  Defendant denies the remaining allegations in paragraph 50, if any.

51.     Defendant admits the allegations set forth in paragraph 51.

7

52.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 due to the vagueness of the phrase "blocked by District policy," and therefore denies the same.

53.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 53 and therefore denies the same.

54.     Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 54 and therefore denies the same.

55.     Defendant admits so much of paragraph 55 as alleges that Amber Crawford does not have a child attending "the school concerned," and submitted a formal challenge to *The Bluest Eye* on or about September 30, 2021, on the basis of multiple quoted excerpts from the book that she characterized as depictions of pedophilia, incest, and rape.  Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 55 and therefore denies the same.

56.     Defendant admits so much of paragraph 56 as alleges that Ms. Crawford's formal challenge purported to represent any "non-woke" District parents and indicated disapproval of presenting a diversity of points of view on pedophilia, incest, and rape.  Defendant denies the remaining allegations in paragraph 56, if any.

57.     Defendant admits so much of paragraph 57 as alleges that the District subsequently appointed a review committee for the formal challenge to *The Bluest Eye* and that Ms. Crawford complained about not being appointed to said committee.  Defendant denies the remaining allegations in paragraph 57.

58.     Defendant admits so much of paragraph 58 as alleges that Ms. Crawford appeared during the District's Board meeting on October 21, 2021, and expressed support for the removal

of *The Bluest Eye* from District libraries based on various quoted excerpts from the book that she characterized as pedophilic content.  Defendant also admits so much of paragraph 58 as alleges that Vanessa Hagedorn appeared during the District's Board meeting on November 18, 2021, and expressed support for the removal of *The Bluest Eye* from District libraries based on what she characterized as its pornographic and pedophilic content.  Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 58 and therefore denies the same.

59.     Defendant admits the allegations set forth in paragraph 59.

60.     Defendant states that the review committee's majority opinion regarding *The Bluest Eye* is a written document that speaks for itself, and denies all allegations in paragraph 60 inconsistent therewith.  Defendant denies the remaining allegations in paragraph 60, if any.

61.     Defendant admits the allegations set forth in paragraph 61, but states that the District does not have a "restricted list for access by Advanced Placement (AP) classes only."

62.     Defendant admits so much of paragraph 62 as alleges that the Board discussed the feasibility of Director Stolle's motion to restrict *The Bluest Eye* at the Board's January 20, 2022 meeting and that the District did not currently have a parent opt-in system in place for library books.  Defendants deny the remaining allegations in paragraph 62, if any.

63.     Defendant admits so much of paragraph 63 as alleges that, at the Board's January 20, 2022 meeting, the Board discussed that parents are able to communicate with District librarians in order to place restrictions on access to library books.  Defendant denies the remaining allegations in paragraph 63, if any.

64.     Defendant admits so much of paragraph 64 as alleges that *The Bluest Eye* is not currently a part of any District curriculum and parents and students may opt out of reading books assigned by District teachers.  Defendant denies the remaining allegations in paragraph 64, if any.

65.     Defendant admits the allegations set forth in paragraph 65.

66.     Defendant admits the allegations set forth in paragraph 66.

67.     Defendant admits the allegations set forth in paragraph 67.

68.     Defendant admits so much of paragraph 68 as alleges that, after the raising of the motion to not retain *The Bluest Eye*, the Board did not have any further discussion regarding the non-retention of the book.  Defendant denies the remaining allegations in paragraph 68, if any.

69.     Defendant admits the allegations set forth in paragraph 69.

70.     Defendant admits so much of paragraph 70 as alleges that Director Schaper's motion to not retain The Bluest Eye was sustained by majority vote of the Board.  Defendant denies the remaining allegations in paragraph 70, if any.

71.     Defendant denies each and every allegation set forth in paragraph 71.

72.     Defendant denies each and every allegation set forth in paragraph 72.

73.     Defendant admits so much of paragraph 73 as alleges that the District did not remove *The Bluest Eye* on the basis of alleged factual inaccuracies.  Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 73 and therefore denies the same.

74.     Defendant admits so much of paragraph 74 as alleges that the National Coalition Against Censorship authored a letter directed to Board President Betsy Bates on or about January 27, 2022, expressing the opinion that *The Bluest Eye* is not "obscene" or "pornographic to minors"

under law, and that this correspondence was shared with all Board members.  Defendant denies the remaining allegations in paragraph 74.

75.    Defendant admits so much of paragraph 75 as alleges that the Intellectual Freedom Committee of the Missouri Library Association ("MLA-IFC") authored a letter directed to Board President Bates and Superintendent Curtis Cain on or about January 28, 2022, expressing its concern with the removal of *The Bluest Eye* in addition to its opinion that there was an organized effort to undermine student rights via booking banning.  Defendant also admits that Plaintiffs have accurately recited the quoted portion of the MLA-IFC's letter.  Defendant denies the remaining allegations in paragraph 75.

76.    Defendant admits so much of paragraph 76 as alleges that, during the Board's January 20, 2022 meeting, a Board member indicated that three books had been pulled from shelves but not reviewed and another Board member expressed that there apparently had not been a determination made regarding said books.  Defendant denies the remaining allegations in paragraph 76.

77.    Defendant denies each and every allegation set forth in paragraph 77.

78.    Defendant admits so much of paragraph 78 as alleges that Ms. Crawford submitted a formal challenge regarding *Fun Home: A Family Tragicomic* to the District on or about September 30, 2021, indicating (*inter alia*) that she did not have a child attending the school concerned and purporting to represent all "unwoke" District parents.  Defendant denies the remaining allegations in paragraph 78, if any.

79.    Defendant admits so much of paragraph 79 as alleges that, upon receipt of the formal challenge, the District temporarily removed *Fun Home* from circulation pending committee

review and Board vote, and the book has not yet been returned to circulation.  Defendant denies the remaining allegations in paragraph 79, if any.

80.    Defendant admits so much of paragraph 80 as alleges that Ms. Crawford submitted a formal challenge regarding *All Boys Aren't Blue* to the District on or about September 30, 2021, indicating (*inter alia*) that she did not have a child attending the school concerned and purporting to represent all "sane" District parents.  Defendant denies the remaining allegations in paragraph 80, if any.

81.    Defendant admits so much of paragraph 81 as alleges that, upon receipt of the formal challenge, the District temporarily removed *All Boys* from circulation pending committee review and Board vote, and the book has not yet been returned to circulation.  Defendant denies the remaining allegations in paragraph 81, if any.

82.    Defendant admits so much of paragraph 82 as alleges that Ms. Crawford submitted a formal challenge regarding *Heavy: An American Memoir* to the District on or about September 30, 2021, indicating (*inter alia*) that she did not have a child attending the school concerned and purporting to represent all "sane" District parents.  Defendant denies the remaining allegations in paragraph 82, if any.

83.    Defendant admits so much of paragraph 83 as alleges that, upon receipt of the formal challenge, the District temporarily removed *Heavy* from circulation pending committee review and Board vote, and the book has not yet been returned to circulation.  Defendant denies the remaining allegations in paragraph 83, if any.

84.    Defendant objects to the extent that paragraph 84 is argumentative and conclusory and requires no response.  To the extent a response may be deemed required, Defendant denies each and every allegation set forth in paragraph 84.

85.     Defendant objects to the extent that paragraph 85 is argumentative and conclusory and requires no response.  To the extent a response may be deemed required, Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 85 and therefore denies the same.

86.     Defendant denies the allegations set forth in paragraph 86.

87.     Defendant admits the allegations set forth in paragraph 87.

88.     Defendant admits the allegations set forth in paragraph 88.

89.     Defendant admits so much of paragraph 89 as alleges that Ms. Crawford submitted a formal challenge regarding *Lawn Boy* to the District on or about October 1, 2021, indicating (*inter alia*) that she did not have a child attending the school concerned and purporting to represent all "unwoke" District parents.  Defendant denies the remaining allegations in paragraph 89, if any.

90.     Defendant admits so much of paragraph 90 as alleges that, upon receipt of the formal challenge, the District temporarily removed *Lawn Boy* from circulation pending committee review and Board vote, and the book has not yet been returned to circulation.  Defendant denies the remaining allegations in paragraph 90, if any.

91.     Defendant denies each and every allegation set forth in paragraph 91.

92.     Defendant admits so much of paragraph 92 as alleges that a "Renee" submitted a formal challenge regarding *Gabi: A Girl in Pieces* to the District on or about November 18, 2021.  Defendant denies the remaining allegations in paragraph 92, if any.

93.     Defendant admits so much of paragraph 93 as alleges that, upon receipt of the formal challenge, the District temporarily removed *Gabi* from circulation and returned the book into circulation on or about February 15, 2022 after the recommendation of the review committee

and the Board's vote to retain the book without restriction.  Defendant denies the remaining allegations in paragraph 93, if any.

94.     Defendant admits so much of paragraph 94 as alleges that a formal challenge regarding *Modern Romance: An Investigation* was submitted to the District on or about November 29, 2021.

95.     Defendant admits so much of paragraph 95 as alleges that, upon receipt of the formal challenge, the District temporarily removed *Modern Romance* from circulation pending committee review and Board vote.  Defendant denies the remaining allegations in paragraph 95.

96.     Defendant admits so much of paragraph 96 as alleges that a formal challenge regarding *Invisible Girl* was submitted to the District on or about December 2, 2021.

97.     Defendant objects that paragraph 97 is duplicative of paragraph 95.  To the extent a response may be deemed required, Defendant restates and incorporates by this reference its response to paragraph 95 as though fully set forth herein.

98.     Defendant admits so much of paragraph 98 as alleges that *Lawn Boy*, *Gabi*, *Modern Romance*, and *Invisible Girl* were immediately removed upon receipt of the respective formal challenges against them, pending committee review and Board vote pursuant to Board policies and regulations.  Defendant denies the remaining allegations in paragraph 98, if any.

99.     Defendant admits so much of paragraph 99 as alleges that *Lawn Boy* is currently removed from circulation within the District pending committee review and Board vote. Defendant denies the remaining the allegations in paragraph 99.

100.     Defendant admits so much of paragraph 100 as alleges that the Board unanimously voted to approve the review committee's recommendation to retain *Gabi* on February 15, 2022,

and that Plaintiffs filed the present action on the same day.  Defendant denies the remaining allegations in paragraph 100, if any.

101.    Defendant admits the allegations set forth in paragraph 101.

102.    Defendant admits the allegations set forth in paragraph 102.

103.    Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 103 and therefore denies the same.

104.    Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 104 and therefore denies the same.

105.    Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 105 and therefore denies the same.

106.    Defendant admits that footnote 3 in paragraph 106 accurately recites the quoted portion of the cited district court opinion.  Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 106 and therefore denies the same.

107.    Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 107 and therefore denies the same.

108.    Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 108 and therefore denies the same.

109.    Defendant objects that paragraph 109 is vague and ambiguous such that it does not permit a meaningful response to the extent that it makes allegations regarding a single challenge to an unidentified "book."  To the extent a response may be deemed required, Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 109 and therefore denies the same.

110.    Defendant objects that paragraph 110 is argumentative and conclusory and requires no response.  To the extent a response may be deemed required, Defendant denies each and every allegation set forth in paragraph 110.

111.    Defendant objects that paragraph 111 is argumentative and conclusory and requires no response.  To the extent a response may be deemed required, Defendant denies each and every allegation set forth in paragraph 111.

112.    Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 112 and therefore denies the same.

113.    Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 113 and therefore denies the same.

114.    Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 114 and therefore denies the same.

115.    The allegations in paragraph 115 seek legal conclusions to which no response is required.  To the extent a response may be deemed required, Defendant denies each and every allegation set forth in paragraph 115.

116.    Defendant lacks sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 116 and therefore denies the same.

117.    Defendant admits so much of paragraph 117 as alleges that approximately 17,400 students were enrolled in the District during the 2020-21 school year.  Defendant denies the remaining allegations in paragraph 117.

118.    Defendant denies each and every allegation set forth in paragraph 118.

119.    Defendant denies each and every allegation set forth in paragraph 119.

120.    Defendant denies each and every allegation set forth in paragraph 120.

121.   Defendant denies each and every allegation set forth in paragraph 121.

122.   Defendant denies each and every allegation set forth in paragraph 122.

CAUSE OF ACTION

123.   Defendant restates and incorporates by this reference all of its responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

124.   Defendant denies each and every allegation set forth in paragraph 124.

125.   Defendant denies each and every allegation set forth in paragraph 125.

126.   Defendant denies each and every allegation set forth in paragraph 126.

127.   Defendant objects that paragraph 127 is vague, conclusory, and argumentative and requires no response.  To the extent a response may be deemed required, Defendant denies each and every allegation set forth in paragraph 127.

128.   Defendant denies the allegations in paragraph 128 and affirmatively states that it has not "removed" any books except for those undergoing review by committee pursuant to District Board policies and regulations.  Defendant denies the remaining allegations in paragraph 128, if any.

129.   Defendant denies each and every allegation set forth in paragraph 129.

130.   Defendant denies each and every allegation set forth in paragraph 130.

131.   Defendant denies each and every allegation set forth in paragraph 131.

132.   Defendant denies each and every allegation set forth in paragraph 132.

133.   Defendant denies each and every allegation set forth in paragraph 133.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Wentzville R-IV School District, having fully answered the allegations in Plaintiffs' Amended Complaint, pray for the Court's Order granting relief as follows:

a) that Plaintiffs' request for a preliminary injunction be denied; b) that Plaintiffs' request for a permanent injunction be denied; c) that Plaintiffs' request for declaratory relief be denied; d) that Plaintiffs' 42 § U.S.C. 1983 "Cause of Action" be dismissed with prejudice and Plaintiffs take nothing thereby; e) that judgment be entered in favor of Defendant and against Plaintiffs on their "Cause of Action;" f) that Defendant be awarded its attorney fees and costs incurred in the defense of Plaintiffs' "Cause of Action;" and g) for such other and further relief to which Defendant may show itself justly entitled.

## AFFIRMATIVE DEFENSES

COMES NOW, Defendant Wentzville R-IV School District ("Defendant" or the "District") and for its affirmative defenses states as follows:

1. Defendant restates and incorporates herein by reference its answers to the preceding paragraphs as though fully set forth herein.

2. Defendant denies all allegations contained in Plaintiffs' Amended Complaint ("Complaint") not expressly and specifically admitted herein.

3. The claims set forth in Plaintiffs' Complaint are barred by the doctrines of sovereign (11th Amendment) immunity, governmental immunity, and/or immunities and protections established under the Paul D. Coverdell Teacher Protection Act of 2001, 20 U.S.C. §§ 7941, *et seq*.

4. Any and all acts and decisions on the part of Defendant were done in good faith and without malice in essential compliance with pertinent state and federal statutes, administrative regulations, institution policy guidelines, and/or guarantees of the United States Constitution and the Missouri Constitution.

18

5.      Defendant reasonably believed its actions were not against the law and it did not have any reason to know that its actions would violate the law.

6.      Any and all acts and decisions on the part of Defendant were done without the malicious intention to deprive Plaintiffs of their federal rights.

7.      Defendant acted sincerely and with the belief that its actions were not violative of applicable law.

8.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and therefore, should be dismissed.

9.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted against the District, in that Plaintiffs failed to plead any facts creating liability on the part of the District.

10.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted, in that Plaintiffs' claims rest solely on an allegation of *respondeat superior*.  The doctrine of *respondeat superior* is not applicable to the claims asserted by Plaintiff.

11.     Plaintiffs failed to plead facts showing that the District expressly, or otherwise, participated or acquiesced in the constitutional and/or statutory deprivations alleged in Plaintiffs' Complaint.

12.     At most, a public school district can only be held liable for its own conduct or for the conduct of its highest official charged with responsibility for making the kinds of decisions that are challenged.

13.     Plaintiffs have not pled any facts showing that the Board ratified any of the alleged actions.

14.     Plaintiffs have not pled facts to establish that the District or the Board have a policy or custom that directly caused the alleged constitutional deprivation of rights.

15.     Plaintiffs have not pled facts to establish that an official policy or custom of the District or the Board caused the alleged violation of a federal right.

16.     Plaintiffs have failed to plead facts which establish that the alleged violation of federal rights resulted from some official District or Board policy, ordinance, or custom.

17.     Plaintiffs have not pled facts alleging that the District or Board had a policy or practice of endorsing the alleged violations.

18.     Plaintiffs have not pled that any official District policy, custom, or practice was the moving force behind the alleged constitutional or statutory violation.

19.     Plaintiffs have not pled facts to show that, through its deliberate conduct, Defendant was the moving force behind Plaintiffs' alleged deprivation of federal rights.

20.     Plaintiffs have not pled any facts suggesting that any alleged acts were performed pursuant to a custom that, though not formally adopted, is so widespread as to have the force of an official policy.

21.     Plaintiffs have not pled any facts suggesting that the District was deliberately indifferent to any alleged constitutional violations by its Board members or officers.

22.     Plaintiffs failed to sufficiently plead facts establishing, as required by 42 U.S.C. § 1983, that Defendant, acting under the color of state law, deprived Plaintiffs of a right, privilege, or immunity secured by the Constitution or laws of the United States.

23.     Plaintiffs' alleged right to recovery is barred in whole or in part by Plaintiffs' failure to mitigate any alleged damages.

24.     To the extent Plaintiffs in any way claim or seek equitable relief, such claims are barred in whole or in part by the doctrines of unclean hands, waiver, and estoppel.

25.     The acts or omissions complained of in Plaintiffs' Complaint were done in good faith, in conformity with, and in reliance on written administrative regulations, orders, rulings, approval, or interpretations of the agencies of the United States.

26.     Plaintiffs' claims are without foundation in law or fact and Defendant is entitled to costs and attorney's fees for defending against this action.

27.     If Plaintiffs sustained any damage or loss, which Defendant expressly denies, the same was negligible in degree and amount and was *de minimus*; therefore, the Court should give no cognizance thereto.

28.     Plaintiffs are not entitled to the relief and damages requested.

29.     Any damages allegedly sustained by Plaintiffs were caused or contributed to be caused by the acts, omissions, or fault of Plaintiffs.

30.     Any damages suffered by Plaintiffs should be reduced by their fault, respectively.

31.     Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities or to otherwise avoid harm or damage.

32.     If Plaintiffs suffered any damages or loss, which Defendant expressly denies, then their damages should be apportioned to other causes and stressors in their lives other than action(s) or inaction(s) by/of the Defendants.

33.     To the extent Plaintiffs seek punitive damages, they are not entitled to such damages, because Defendant did not have the knowledge required for an award of punitive damages.

34.     To the extent Plaintiffs seek punitive damages, such damages against Defendant are barred by both the United States and Missouri Constitutions.

21

35.     By stating the above defenses, Defendant does not thereby assume the burden of proof except to the extent applicable law requires Defendant to plead and prove the defense in order to avail itself of the defense.

36.     Defendant reserves the right to amend its Answer, assert additional affirmative defenses, delete or withdraw any pled affirmative defenses, and add such counterclaims as may become necessary after a reasonable opportunity for discovery.

WHEREFORE, for the foregoing reasons, Defendant prays that the Plaintiffs take naught by way of their Amended Complaint, for their costs, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

EDCOUNSEL, LLC

By: */s/ Matthew D. Wilson*
        J. Drew Marriott, #63059
        dmarriott@edcounsel.law
        Matthew D. Wilson #59966
        mwilson@edcounsel.law
        2833B E. Battlefield St., Ste. 100
        Springfield, Missouri 65804
        (417) 755-7190
        (855) 876-4740 (facsimile)
        ATTORNEYS FOR DEFENDANT

Dated: March 15, 2022

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 15, 2022, notice and access to the foregoing was provided through the electronic filing system to all counsel of record.

Anthony E. Rothert
Jessie Steffan
Molly Carney
Emily Lazaroff
ACLU of Missouri Foundation
906 Olive St., Ste. 1130
St. Louis, MO 63101
(314) 652-3114
(314) 652-3112 FAX
trothert@aclu-mo.org
jsteffan@aclu-mo.org
mcarney@aclu-mo.org
elazaroff@aclu-mo.org

Gillian R. Wilcox
ACLU of Missouri Foundation
406 W. 34th St., Ste. 420
Kansas City, MO 64111
(816) 470-9938
gwilcox@aclu-mo.org
ATTORNEYS FOR PLAINTIFFS


_/s/ Matthew D. Wilson_