IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 4:22-cv-191-MTS |
| WENTZVILLE R-IV SCHOOL DISTRICT, | )<br>)<br>) |
| Defendant. | ) |

**Memorandum in Support of Motion for Protective Order**

Plaintiffs C.K.-W. and D.L., who are minors, request this Court enter an order directing the parties to use only the initials of their parents in any filing in this case.

Federal Rule of Civil Procedure 5.2(e)(1) permits this Court to direct that a party or nonparty's name and other filings be redacted to protect privacy by limiting public access. *See* Fed. R. Civ. P. 5.2 (a)(1)–(4) (requiring, "[u]nless court orders otherwise," use of only initials for minors, only partial birthdates, social-security, taxpayer-identification and financial account numbers); Fed. R. Civ. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

When a student and her parents challenge the constitutionality of school policies, they are often permitted to proceed totally anonymously. *See e.g.*, *Santa Fe Independent School Dist. v. Doe*, 530 U.S. 290 (2000); *Doe v. Pleasant Valley Sch. Dist.*, 745 Fed. App'x 658 (8th Cir. 2018) (per curiam); *Doe v. S. Iron R-1 Sch. Dist.*, 498 F.3d 878 (8th Cir. 2007); *Doe ex rel. Doe v. Little Rock School Dist.*, 380 F.3d 34 (8th Cir. 2004); *Doe v. Aberdeen Sch. Dist.*, 2019 WL

4452136 (D.S.D. Sept. 17. 2019); *Parents, Families, and Friends of Lesbians and Gays, Inc. v. Camdenton R-III Sch. Dist.*, 853 F. Supp. 2d (W.D. Mo. 2012) (with co-plaintiff Jane Doe); *Doe v. Human*, 725 F. Supp. 1499 (W.D. Ark. 1989).

In *Doe H.M. v St. Louis County*, this Court held that there are "several circumstances in which the exception [allowing a plaintiff to proceed anonymously] may apply." No. 4:07-CV-2116, 2008 WL 151629, at *1 (E.D. Mo. Jan. 14, 2008). Those circumstances include: "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." *Id.* (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992), in turn citing *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)). This is not a "rigid, three-part test." *Frank*, 951 F.2d at 323 (quoting *Stegall*, 653 F.2d at 186). Instead, it represents a "totality-of-the-circumstances balancing test must be used when deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff has a substantial privacy right which outweighs 'the customary constitutionally-embedded presumption of openness in judicial proceeding.'" *J.T.H. v. Mo. Dep't of Soc. Servs., Children's Div.*, No. 1:20-CV-222-ACL, 2020 WL 7480563, at *1 (E.D. Mo. Dec. 18, 2020) (quoting *Stegall*, 653 F.2d at 186, and granting parents' motion to proceed under pseudonym to protect minor son in case involving his sexual assault).

In *Stegall*, families sued their school district over the constitutionality of school district policies concerning prayer and Bible reading. The Fifth Circuit granted their request to proceed anonymously and "emphasize[d] the special status and vulnerability of the child-litigants, the showing of possible threatened harm and serious social ostracization based upon militant religious attitudes, and the fundamental privateness of the religious beliefs, all of which are at the

core of this suit to vindicate establishment clause rights." *Stegall*, 653 F.2d at 186. The court acknowledged that the families did not "confess either illegal acts or purposes" but had nonetheless "made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior." *Id.* at 186. Having considered all the circumstances, the Fifth Circuit reversed the district court's denial of the families' request to proceed anonymously.

In this case, Plaintiffs are minors challenging government activity, *see Doe H.M.*, 2008 WL 151629, at *1, and like in *Stegall* their disagreement with the school policies at issue has invited serious opprobrium from members of the community. Nonetheless, they do not ask to proceed anonymously. Instead, they merely request a protective order that their parents be identified by initials, which is necessary to ensure that their full identities are not revealed in public filings. The protection of minors is the reason that both Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule of the United States District Court for the Eastern District of Missouri 2.17(a)(2) require that only the initials of minor children may be listed in any filing. That protection is insufficient where, as in this case, the minor children are parties who bring suit by and through their parents. While the minor child plaintiffs are automatically entitled to proceed using initials only, the parents must file a motion to do so. *SB on behalf of AB v. Newark Cent. Sch. Dist.*, No. 6:21-CV-06138 EAW, 2022 WL 541773, at *1 n.1 (W.D.N.Y. Feb. 23, 2022). In this case, revealing the full name of a parent will reveal the identity of the child and thereby defeat the purpose of Federal Rule 5.2(a)(3) and Local Rule 2.17(a)(2).

Parents are routinely permitted to use initials in cases where their child is a minor initiating suit through a parent. *See, e.g.*, *Indep. Sch. Dist. No. 283 v. S.D. by J.D.*, 88 F.3d 556 (8th Cir. 1996); *In re Minneto v. M.L.K. by Parents S.K. and D.K.*, No. 20-CV-1036, 2021 WL

780723, at *1 (D. Minn. Mar. 1, 2021); *A.P. as Parent of L.H. v. Johnson*, No. 14-CV-4022, 2015 WL 1297534 (N.D. Iowa Mar. 23, 2015). As in other such cases, Plaintiffs here do not intend to shield their identity from Defendant, but merely the general public in electronic filings.

In addition to the usual need to protect the identity of minors in litigation, the interest in maintaining the privacy of minors is heightened here given passions associated with this particular suit. Exhibit 1 shows social media discussions about the lay individuals appointed to the review committee for *The Bluest Eye* by Toni Morrison. One individual, using the pseudonym Jane A. Merica, writes that most of them "probably want to feed our children pedo-porn for breakfast[,] lunch[,] and dinner."[1] She then posts "proof" she discovered scouring these volunteers' social media accounts. In one instance, her evidence is a posting where a committee member uses the United States Department of Health and Human Services' "I Got My COVID-19 Vaccine" frame. For another, she shows the member's use of a frame expressing that the member is an ally of the LGBTQ+ community. Another committee member is show to have posted that she is proud of the community because "[t]eenagers coordinated a peaceful protest[,] and it was awesome. So many people coming together—fills me with hope." Also shared is a member's post revealing that she is reading Ibram X. Kendi's *How to be an Antiracist*, "in an initial attempt to learn, grown, change, understand[,] and advocate." For these efforts, Merica is praised as "quite the researcher!" Another user, Lindi Williford, publishes the identities of the review committee members, proclaiming that "[i]t is time to name names." *See* Ex. 1.

While members of the review committee are adults who volunteered to serve on a committee, the individual Plaintiffs are minors. Yet some on social media believe (incorrectly)

---

[1] The true identity of Merica is known to counsel for Plaintiffs and can be provide under seal or otherwise as the court directs. Counsel believe that Merica is a parent with children in District schools and honors her election to use a pseudonym in this debate in that it safeguards the privacy of her children.

that they have identified both children and have already called them out. According to Exhibit 2, which has been redacted to protect the identities of minors, those bringing this suit "want to legally force that our minor children have access to pornography and pedophilia in a public school that our tax dollars fund" and encourage readers to "[t]ell everyone you know." While adults who enter public debate need not be shielded from scurrilous accusations, the students are minors who should not have to publicly face fallacious circumstantial ad hominem attacks.

Identifying the parents of the minor Plaintiffs by full name in public filings will reveal the identity of the minors themselves. Doing so will defeat the purpose of the rules intended to shield children from the full force of public scrutiny by requiring them to be identified by initials only in public filings. In this case, it is not a speculative fear that the children trying to protect the recognized First Amendment right to access will be saddled with unsavory public criticism. *See Stegall*, 653 F.2d at 186. Thus, a protective order requiring that only the initials of the parents of C.K.-W. and D.L. be used in any filing submitted in this case is warranted.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
Molly E. Carney, #70570MO
Emily Lazaroff, #73811MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114
Fax: (314) 652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org
mcarney@aclu-mo.org
elazaroff@aclu-mo.org

Gillian R. Wilcox, #61278MO
ACLU of Missouri Foundation
406 W. 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

*Attorneys for Plaintiffs*