## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:22-cv-191-MTS |
| WENTZVILLE R-IV SCHOOL DISTRICT, | ) ) ) ) | |
| Defendant. | ) ) | |

## RESPONSE TO COURT ORDER REGARDING JOINDER AND STANDING

Pursuant to this Court's order requesting analysis of Rule 20, their addition of parties, and those parties' standing, (ECF No. 43), Plaintiffs respectfully submit the following response in support of joinder of Plaintiffs the Missouri State Conference of the National Association of the Advancement of Colored People and the St. Charles County Missouri Unit of the National Association of the Advancement of Colored People (together, "NAACP").

Multiple plaintiffs may choose to join the same action under Fed. R. Civ. P. 20 without prior court approval if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). "Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Mosley v. Gen. Motors*

*Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (allowing ten plaintiffs to join individual Title VII claims against a single employer where all claims were based on the same allegedly discriminatory company-wide policy, even if the actual effects of the policy could vary throughout the class). The broad interpretation of "transaction or occurrence" under "Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Id.* at 1333; *see also Jones v. City of St. Louis*, No. 4:21CV600 HEA, 2022 WL 1591792, at *2 (E.D. Mo. May 19, 2022) (finding Rule 20 requisites satisfied in civil rights action concerning the same alleged custom or practice depriving inmates of their constitutional rights).

Rule 20's requirements are easily satisfied here. The individual and NAACP Plaintiffs assert rights to relief arising out of the same series of constitutional violations by the sole Defendant and would receive comparable relief from an injunction preventing Defendant from enforcing its policy of removing access to library books. The questions of law and fact implicated by this lawsuit are common to all Plaintiffs, including but not limited to the factual questions about how Defendant's policies are utilized to remove from library circulation books expressing ideas and opinions that conflict with the ideological views of members of its school board or some community members and the legal questions of whether the automatic and viewpoint-based removals of books violate the First and Fourteenth Amendments.

NAACP Plaintiffs are Missouri organizations whose members include Missouri residents and District students and parents. (ECF No. 19-32 at 1). NAACP has associational standing. "The Supreme Court has explained that an association has standing to bring suit on behalf of its members when '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim

asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Kuehl v. Sellner*, 887 F.3d 845, 851 (8th Cir. 2018) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). The Supreme Court has repeatedly found that the NAACP and its chapters satisfy the standard for associational standing, including in cases like this where it asserts the First Amendment rights of its members. *See Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415, 428 (1963) (holding NAACP has standing to assert First Amendment rights of its members); *Louisiana ex rel. Gremillion v. Nat'l Ass'n for the Advancement of Colored People*, 366 U.S. 293, 296 (1961) ("It is clear from our decisions that NAACP has standing to assert the constitutional rights of its members"); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 459 (1958).

While the participation of individual members is not required for the claim asserted or the relief requested, NAACP members have standing to sue in their own right. The individual student Plaintiffs, suing through their parents who are NAACP members, have standing. (ECF No. 19-30 at 1; ECF No. 19-31 at 1). Moreover, other NAACP members who are not parties to this case have standing to maintain this suit, and NAACP may assert their constitutional rights. *See Patterson*, 357 U.S. at 459 (rejecting contention that NAACP lacked standing to assert constitutional rights of members who are not parties to the litigation); (ECF No. 19-32 at 4) (alleging harm to NAACP and its members). Those members include one parent whose children attend eighth and eleventh grade in the District. (ECF No. 19-32 at 2). She wants her children to have access to school libraries that have collections with diverse ideas and perspectives, including the Banned Books and other books that provide minority viewpoints that she reasonably fears will be banned in the future. *Id.* at 2-3.

In addition, the interests NAACP seeks to protect are germane to the organization's purpose of ensuring the political, educational, social, and economic equality of rights of all persons and eliminating race-based discrimination. (ECF No. 19-32). In support of its mission of ensuring equality and eliminating discrimination, the NAACP has long engaged in diverse education-related litigation, including recent cases in this Court, *Liddell v. Bd. of Educ. of City of St. Louis*, 2021 WL 254015 (E.D. Mo. Jan. 26, 2021) (ongoing case since 1970s regarding racial segregation and discrimination in operation of St. Louis Public Schools); *Mo. State Conf. of the Nat'l Ass'n for the Advancement of Colored People v. Ferguson-Florissant Sch. Dist.*, 201 F. Supp. 3d 1006, 1021 (E.D. Mo. 2016), aff'd, 894 F.3d 924 (8th Cir. 2018) (finding school board voting scheme violated Voting Rights Act by diluting African-American voting power), as well as landmark cases at the Supreme Court of the United States and the Missouri Supreme Court. *Id.* at 1-2. NAACP is engaged in protecting student rights and supports student access to diverse materials. *Id.* at 3-4.

For the foregoing reasons, permissive joinder of the NAACP Plaintiffs is appropriate and NAACP Plaintiffs have standing.

        Respectfully submitted,

/s/ Molly E. Carney
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
Molly E. Carney, #70570MO
Emily Lazaroff, #73811MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114
Fax: (314) 652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org
mcarney@aclu-mo.org
elazaroff@aclu-mo.org

Gillian R. Wilcox, #61278MO
ACLU of Missouri Foundation
406 W. 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

Vera Eidelman
ACLU Foundation
125 Broad St., 18 Fl.
New York, NY 10004
Phone: (212) 549-2500
veidelman@aclu.org

*Attorneys for Plaintiffs*

5