IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.K.-W., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:22-cv-00191-MTS |
| v. | ) |
| | ) |
| WENTZVILLE R-IV SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO COURT ORDER REGARDING JOINDER AND STANDING**

Pursuant to the Court's Order regarding analysis of Rule 20, the addition of parties, and those parties' standing (Doc. 43), Defendant Wentzville R-IV School District (the "District") respectfully submits the following Response:

Plaintiffs' Response asserts standing on the part of the NAACP organizations solely by association. (Doc. 44, p. 2-4). As noted by Plaintiffs, an association has standing to bring suit on behalf of its members without direct injury to itself where "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Kuehl v. Sellner*, 887 F.3d 845, 851 (8th Cir. 2018) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). However, here the NAACP organizations have not presented authorities or evidence demonstrating that their members would in fact have standing to sue in their own right in this particular case. Rather, Plaintiffs' Response merely states that the NAACP organizations' members include both District students and parents and conclusorily asserts they have standing. (Doc. 44, p. 2-3). It must also

1

be noted that the declaration of the Missouri NAACP President cited by Plaintiffs only identifies parents Z.L. and T.K. (who are not parties to this action and have not alleged direct injury to themselves) and other unidentified parents—not D.L. or any other District students—as members of the NAACP.  (Doc. 19-32, ¶ 8-10).  This is absence is also present in the declarations of Minor Plaintiff D.L. (Doc. 19-29), and parents Z.L. (Doc. 19-30) and T.K. (Doc. 19-31).  Accordingly, Plaintiffs have not upheld their burden to show standing for the NAACP organizations in this matter.  As Plaintiffs have not established standing, the Court need not reach the issue of joinder under Rule 20.

        Respectfully submitted,

        EDCOUNSEL, LLC

        By: /s/ J. Drew Marriott
            J. Drew Marriott, #63059
            dmarriott@edcounsel.law
            Matthew D. Wilson #59966
            mwilson@edcounsel.law
            2833B E. Battlefield St., Ste. 100
            Springfield, Missouri 65804
            (417) 755-7190
            (855) 876-4740 (facsimile)
            ATTORNEYS FOR DEFENDANT

        Dated: June 9, 2022