# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| C.K.-W., *by and through her parent T.K.*, *individually and on behalf of those similarly situated*, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>WENTZVILLE R-IV SCHOOL DISTRICT,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:22-cv-00191-MTS<br>)<br>)<br>)<br>) |

## **CASE MANAGEMENT ORDER – TRACK 3: COMPLEX**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan, the Differentiated Case Management Program of the United States District Court for the Eastern District of Missouri, and the Joint Proposed Scheduling Plan, Doc. [42],

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case and will be modified only upon good cause shown:

**I.     Scheduling Plan**

1. This case is assigned to Track 3 (Complex).

2. All motions for joinder[1] of additional parties or to file amended pleadings must be filed no later than **July 29, 2022**.

3. Discovery shall proceed in the following manner:

    (a) The parties shall make all initial disclosure required by Fed. R. Civ. P. 25(a)(1) no later than **July 14, 2022**.

---

[1] When they filed their First Amended Complaint under Federal Rule of Civil Procedure 15(a)(1), Plaintiffs added additional Plaintiffs to this action but provided no analysis on the addition of the new Plaintiffs under Rule 20(a), which governs permissive joinder of parties. *See Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 243 (E.D. Mo. 2004) ("In order for a plaintiff to properly join additional plaintiffs, the claims must meet the requirements of Rule 20(a) . . . ."). The Court directed Plaintiffs to file a Rule 20 analysis, and Plaintiffs did so. Doc. [44]. Defendant filed a memorandum arguing the new Plaintiffs lack standing. Doc. [45]. The Court concludes that Plaintiffs pleaded enough factual allegations to establish the new Plaintiffs' standing at this stage. *See City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). In any event, the new Plaintiffs here appear to have been joined for reasons other than establishing the standing aspect of justiciability. *See Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 986 (8th Cir. 2011) (noting only one plaintiff needs standing to support subject matter jurisdiction).

    (b)    Plaintiffs shall designate all expert witnesses and provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **August 05, 2022**, and shall make the expert witnesses available for deposition, and have the depositions completed, no later than **September 02, 2022**.

    (c)    Defendant shall designate all expert witnesses and provide the reports required by Federal Rule of Civil Procedure 26(a)(2) no later than **September 02, 2022**, and shall make the expert witnesses available for depositions, and have the depositions completed, no later than **October 07, 2022**.

    (d)    Absent good cause shown, the limits of ten (10) depositions per side and twenty-five (25) interrogatories per side should apply in this case.

    (e)    No physical or mental examinations are anticipated.

    (f)    The parties shall complete all discovery no later than **November 18, 2022**.

    (g)    Resolution of discovery disputes shall be sought in a diligent and timely manner.  Prior to filing any motions to compel, the parties must first meet and confer in good faith.  If any dispute is not resolved in their meet and confer, the parties must informally alert Chambers of the dispute with a <u>concise</u> paragraph on the dispute, copying all parties, and await a response from the Court before filing any motions to compel.

4.    This case shall be referred to alternative dispute resolution on **September 09, 2022**, and that reference shall terminate on **November 09, 2022**.

5.    Any dispositive motions or motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or *Kuhmo Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), must be filed no later than **February 24, 2023**.  The response to any such motion must be filed within twenty-one (21) days after the filing of the motion, and any reply must be filed within ten (10) days after the response is filed with the Court.

## II.    Order Relating to Trial

This action is set for a **BENCH** trial on **October 02, 2023**, at 8:30 a.m. in Courtroom Fourteen South (14S).

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than 21 days prior to the date set for trial**:

1. **<u>Joint Stipulation</u>**: Meet and jointly prepare and file with the Clerk a Joint Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation.

2. **<u>Witnesses</u>**:

    (a) Deliver to opposing counsel, and file with the Clerk of Court, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called to testify.

    (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **<u>Exhibits</u>**:

    (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and Defendant to use letters, e.g., Pltf-1, Deft-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and file with the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

    (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification and shall file written objections to all other exhibits.

    (c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4. **<u>Depositions, Interrogatory Answers, and Requests for Admission</u>**:

    (a) Deliver to opposing counsel and file with the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such

        depositions not listed by the offering party which opposing counsel proposes to offer.

    (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

5.    **Trial Brief**: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities on which the parties rely and discussing any anticipated substantive or procedural problems.

6.    **Motions in Limine**: File all motions in limine at least ten (10) days before trial.

\*\*\*

**The failure to comply with any part of this Order may result in the imposition of sanctions**.

Dated this 7th day of July, 2022.

                                              UNITED STATES DISTRICT JUDGE